UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WANDA GRAHAM, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:04-CV-1301-B |
| | § | |
| THE MEGA LIFE AND HEALTH | § | |
| INSURANCE COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiffs' Motion to Retransfer, filed May 3, 2005. At issue is whether this Court's order striking Plaintiffs' class allegations justifies transferring this case back to the Northern District of Alabama. After review of the pleadings and documents on file, the Court DENIES Plaintiffs' Motion for the reasons that follow.

## I. BACKGROUND

Plaintiffs originally filed this diversity action as a putative class action on December 24, 2003 in the Northern District of Alabama, Western Division. (Pls.' Compl. at 1; Pls.' Mot. Retransfer "Pls.' Brief" at 2). They brought class allegations, various breach of contract claims and other causes of action. (*See generally* Pls.' Compl.). Upon Defendants' Motion to Transfer pursuant to 28 U.S.C. § 1404, District Judge Coogler of the Northern District of Alabama, on June 9, 2004, transferred the case to this District. (*See* Transfer Order at 1). One of the factors relied upon by Judge Coogler's in transferring the case was the disproportionate number of potential class members residing in Texas. (*Id.* at 9). Thereafter on March 14, 2005, this Court struck Plaintiffs' class allegations for

-1-

failure to comply with this Court's Class Certification Scheduling Order and Local Rule 23.2.  (*See generally* Order Striking Class Allegations).  Plaintiffs now move to retransfer this case back to the Northern District of Alabama.  (Pls.' Brief at 1).  They contend that because the class allegations have been stricken from their complaint, the purpose behind Judge Coogler's transfer order has been frustrated, presenting a changed circumstance warranting this Court to grant their motion.  (*See generally* Pls.' Brief).

## II. ANALYSIS

### A.  Legal Standard

A motion to transfer venue is governed by 28 U.S.C. § 1404(a) which states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "If when a suit is commenced, plaintiff[s] [have] a right [under the Venue Act ] to sue in that district, independently of the wishes of the defendant[s], it is a district 'where it might have been brought.'"  *Blaski v. Hoffman*, 260 F.2d 317, 321 (7th Cir. 1958), *aff'd, Hoffman v. Blaski*, 363 U.S. 335 (1960).

Generally, the transferee court should not review the decision of the transferor court.  *In re Cragar Indus. Inc.*, 706 F.2d 503, 505 (5th Cir. 1983); *In re Southwestern Mobile Homes, Inc.*, 317 F.2d 65, 66 (5th Cir. 1963); *Starnes v. McGuire*, 512 F.2d 918, 924 (D.C. Cir. 1974).  Such an independent determination of the propriety of the transfer undermines what is known as the "law of the case" doctrine.  *See In re Cragar*, 706 F.2d at 505; *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3rd Cir. 1982).  According to the doctrine, "if the motion to transfer is granted and the case is transferred to another district, the transferee-district should accept the ruling on the transfer as the law of the case and should not re-transfer 'except under the most impelling and

unusual circumstances' or if the transfer order is 'manifestly erroneous.'"[1]  *In re Cragar*, 706 F.2d at

505 (quoting *United States v. Koenig*, 290 F.2d 166, 175 n.11 (5th Cir. 1961)).  Precluding relitigation

of an issue in the same case promotes the "judicial system's interest in finality and in efficient

administration."  *Hayman*, 669 F.2d at 165.  However, exceptions to the "law of the case" doctrine

arise when the transferor court lacked the power to order the transfer[2] or upon a showing of

"changed circumstances."  *See* 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H.

COOPER, FEDERAL PRACTICE AND PROCEDURE § 3846 (2d ed. 1986).

## B.  Changed Circumstances

The Fifth Circuit has recognized, despite the "law of the case" doctrine, that in some

instances, "the original purposes of [a] transfer [may be] frustrated by an unforeseen later event."

*In re Cragar*, 706 F.2d at 505.  Therefore, it has declined to "adopt a per se rule" precluding retransfer

of a case.  *Id.*  Other courts have similarly recognized the changed circumstances exception to the

"law of the case" doctrine while declining to extend the exception to the specific facts of the cases

before them.  *See, e.g., Murray v. Scott*, 176 F. Supp. 2d 1249, 1254-55 (M.D. Ala. 2001) (finding

that a counterclaim and the inability to have the case decided summarily are not unanticipated

---

[1] Plaintiffs do not allege that the transfer order is manifestly erroneous.  (*See generally* Pls.' Brief).

[2] Plaintiffs do not argue that jurisdiction or venue is improper in the Northern District of Texas.  (*See generally* Pls.' Brief).  Moreover, Judge Coogler duly noted in his transfer order that the present action could have originally been filed in Texas.  (*See* Transfer Order at 4-5).  Therefore, this Court accepts the Northern District of Alabama's determination that jurisdiction and venue is proper in Texas and acknowledges that the Northern District of Alabama retained the power to order the transfer.  *See Hoffman v. Blaski*, 363 U.S. at 343 ("The transferee courts could have acquired jurisdiction over these actions only if properly brought in those courts, or if validly transferred thereto under [§] 1404(a)."); *see also Hayman*, 669 F.2d at 166 (applying the "law of the case" doctrine to a transfer order and concluding that "*Blaski* should be interpreted in the context of its own facts and should be read to allow a determination of venue and jurisdiction by the transferee court only when this determination has not previously been made by the transferor court").

events by the plaintiff); *Repp v. Webber*, 142 F.R.D. 398, 401 (S.D.N.Y. 1992) (holding that the defendant's inability to readily come to New York does not frustrate the purpose of the transfer order).

      *In re Cragar* involved a suit brought by Jerrell Robinson against General Motors and Cragar Industries for injuries sustained while driving his automobile in Mississippi.   706 F.2d at 504. Robinson, a Louisiana resident, originally filed suit in the Northern District of Mississippi; however, the court granted Cragar's motion to dismiss on the grounds that the Mississippi long-arm statute did not extend to Robinson.  *Id.*  Unable to proceed in Mississippi, Robinson requested transfer of the case to the Western District of Louisiana, which the court granted, and obtained service of process over both defendants under the Louisiana long-arm statute.  *Id.*  Thereafter, the Western District of Louisiana granted Cragar's motion for summary judgment, ruling that Robinson's claims against Cragar were barred by the relevant Louisiana statute of limitations.  *Id.*  When General Motors moved for summary judgment on the same grounds, Robinson requested transfer back to the Northern District of Mississippi, claiming witnesses were available in Mississippi and that the Louisiana docket was crowded.  *Id.* at 504-05.  The Western District of Louisiana granted the motion.  *Id.* at 505.  Upon General Motors's petition for a writ of mandamus, the Fifth Circuit, while declining to issue the writ, found that there was no event which was not reasonably foreseeable by Robinson:

> No new facts have been discovered.  No new witnesses have been located.  The only 'change' is the realization of Robinson that his claim against Cragar cannot proceed ... At best, Robinson's requested return to Mississippi is bottomed upon a realization that he may have made a tactical error in his original transfer request.

*Id.* at 505-06.

Plaintiffs rely on the reasoning in *Russell v. IU International Corp*, 685 F. Supp. 172 (N.D. Ill. 1988), to argue that by striking their class allegations, and precluding class certification, this Court caused a change in circumstances warranting retransfer back to the Northern District of Alabama. (Pls.' Brief at 3-5).  In *Russell*, the action was originally filed in the Middle District of Florida alleging RICO and securities violations as well as state law violations. 685 F. Supp. at 173.  Judge Carr of the Middle District of Florida subsequently transferred the case to the Northern District of Illinois where it could be consolidated with another case pending in the Northern District of Illinois because the subject matter of both actions arguably involved common claims and questions of fact.  *Id*. at 174. Upon a motion for a finding of relatedness, the Northern District of Illinois issued an order denying relatedness.  *Id*. at 174-75.  Following the denial, the Northern District of Illinois granted plaintiffs' motion to retransfer the case back to the Middle District of Florida.  *Id*. at 176.  In granting the motion, the court found that Judge Carr's transfer order left no question that the purpose of the transfer was for consolidation.  *Id*.  Because relatedness was denied, consolidation could not occur and therefore the original purpose of the transfer was frustrated.  *Id*.  This frustration created an "unanticipated change of circumstances that justifie[d] an order transferring th[e] case back to the Middle District of Florida ... where it was originally filed."  *Id*.  The court stressed that the case was being transferred for the sole reason that the "underlying justification for the original transfer to this district no longer exists."  *Id*. n.4.

Plaintiffs contend that here, as in *Russell*, Judge Coogler clearly conditioned the transfer of this case to the Northern District of Texas upon class certification:

> In the event the class is not certified in this case or the class becomes defined as those in Alabama or some other combination including Alabama where Alabama's

residents would constitute a significant proportion of the existing class members, this
court would welcome the return transfer of the case.

(Pls.' Brief at 4; *see* Transfer Order at 10).  They maintain that the striking of their class allegations

amounts to a changed circumstance frustrating Judge Coogler's basis for transferring the case to

Texas in the first place.  (Pls.' Brief at 5).  This Court disagrees.

Plaintiffs have not identified changed circumstances sufficient to warrant transferring this

case back to the Northern District of Alabama.  While they point to the striking of their class

allegations as a justification for retransfer, this Court finds that this event was not reasonably

unforeseeable by Plaintiffs.  Plaintiffs cannot reasonably conclude that their motion for class

certification was in compliance with this Court's Class Certification Scheduling Order or Local Rule

23.2.  They elected to file a substandard product at their peril and should have anticipated the

consequences of such.  Similar to the situation in *In re Cragar*, the only "change" in this case is

Plaintiffs' realization that their suit cannot proceed as a class action.  *See In re Cragar*, at 505-06.

Furthermore, Plaintiffs misconstrue Judge Coogler's transfer order by asserting that transfer

was conditioned solely upon class certification.  (*See* Pls.' Brief at 4).  The Alabama court weighed

the existence of a disproportionate number of potential class members living in Texas, but this was

not the only factor under consideration.  Unlike Judge Carr's one-page transfer order in *Russell*, Judge

Coogler's ten-page order indicates that several factors, in addition to the class certification issue,

were considered in the decision to grant Defendants' motion to transfer: (1) jurisdiction and venue;

(2) Plaintiffs' choice of forum; (3) the operative facts underlying the cause of action; (4) the

convenience of the parties and witnesses; (5) the availability of compulsory process to obtain the

testimony of witnesses; and (6) the applicability of Texas law.  (*See generally* Transfer Order).  This

supports Defendants' argument that the Northern District of Alabama "noted *in passing* that if a class were not certified, it would 'welcome the return transfer of the case.'" (*See* Defs.' Resp. Brief at 2) (emphasis in original).  Therefore, Plaintiffs' reliance upon *Russell* is misplaced, as other justifications for the transfer order still exist.

Plaintiffs also contend that retransfer will promote judicial economy and serve the public interest because Judge Coogler is already familiar with the case.  (Pls.' Brief at 5-6).  However, as previously noted, Judge Coogler fully considered the applicability of Texas law to Plaintiffs' claims and found that the Northern District of Texas would be more experienced in applying Texas law:

> Plaintiffs couch a substantial part of their claims in terms of the violation of Texas state law.  For instance, Plaintiffs maintain that they claim a common violation of Texas law (where the master policy was delivered) which obviates the need to interpret the laws of each state.  It has long been recognized that: There is an appropriateness ... in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

(Transfer Order at 8) (internal citations and quotations omitted).  This Court gives great weight to Judge Coogler's exercise of discretion and finds that judicial economy and the public interest would be best served if this case remains in the Northern District of Texas.

## III. CONCLUSION

Having given due deference to Judge Coogler's transfer order, this Court concludes that Plaintiffs have not provided a sufficient basis for transferring this case back to the Northern District of Alabama.  For the reasons set forth above, it is ORDERED that Plaintiffs' Motion to Retransfer be DENIED.

SO ORDERED.

SIGNED August __4th__, 2005

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE